IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ISAAC HARRISON,

      Petitioner,

vs.                                        Case No. 4:12cv451-RH/CAS

MICHAEL D. CREWS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On August 27, 2012, Petitioner Isaac Harrison, proceeding pro se, filed a petition for writ of habeas corpus, with exhibits, pursuant to 28 U.S.C. § 2254. Doc. 1. On July 8, 2013, Respondent filed an answer, with exhibits. Doc. 19. Petitioner filed a reply on August 2, 2013. Doc. 20.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be denied.

## State Court Proceedings

By amended information filed in the Second Judicial Circuit, Gadsden County, in case number 09-656-CFA, the State of Florida charged Petitioner Isaac Harrison with four counts, in connection with events that took place on or about November 13, 2009: (1) attempted sexual battery, a third degree felony, in violation of sections 777.04 and 794.011(5), Florida Statutes; (2) possession of a firearm by a convicted felon, a second degree felony, in violation of section 790.23(1)(a), Florida Statutes; (3) felony battery, a third degree felony, in violation of section 784.03(2), Florida Statutes; and (4) aggravated assault with a firearm, a third degree felony, in violation of sections 775.087 and 784.021(1)(a), Florida Statutes.  Doc. 19 Ex. F at 67.  These charges served as the basis for violation of probation (VOP) in Gadsden County Circuit Court case number 09-051-CFA, and revocation of probation in that case.  *Id.* Ex. F at 81.  On May 19, 2010, Harrison entered a negotiated no contest plea to all counts, as charged, with the State agreeing that the sentence run concurrently and coterminous with that in the VOP case. *Id.* at 27, 81-83, 94.  In the plea agreement, Harrison waived all appeals in both cases. *Id.* at 94.

On May 28, 2010, Harrison filed a motion to withdraw his plea as involuntarily entered.  Doc. 19 Ex. B.  In an order rendered September 1, 2010, the trial court denied the motion.  *See id.* Ex. F at 22; Ex. A at 5 (trial court docket entry reflecting order; record of exhibits does not appear to contain a copy of the order).

On June 9, 2011, Harrison filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and, on September 1, 2011, he

filed a supplement.  Doc. 19 Ex. F at 1-14 (motion), 15-21 (supplement).  Harrison

raised a total of six grounds, five of which asserted ineffective assistance of counsel

(IAC) and one asserting the information was defective because it did not include his

name in the body of the charge.  *Id.*  The state post-conviction trial court summarily

denied the Rule 3.850 motion, with attachments.  *Id.* Ex. F at 22-67.

Harrison appealed the order denying the Rule 3.850 motion to the First District

Court of Appeal (DCA).  Doc. 19 Ex. F at 120-22.  He filed a pro se Initial Brief and

challenged only the denial of Grounds 5 and 6.  *Id.* Ex. G.  Harrison also filed a

supplement to the brief, with attachments.  *Id.* Ex. H.  The State filed a notice that it

would not file an Answer Brief.  *Id.* Ex. I.  On May 11, 2012, the First DCA per curiam

affirmed the case without a written opinion.  *Id.* Ex. J; Harrison v. State, 91 So. 3d 137

(Fla. 1st DCA 2012).  Harrison filed a motion for rehearing, which the court denied.

Doc. 19 Exs. K, L.  The mandate issued on July 23, 2012.  *Id.* Ex. M.

In the meantime, on June 3, 2010, while the Rule 3.850 motion was pending,

Harrison filed a motion to correct illegal sentence.  *Id.* Ex. D.  The trial court denied the

motion by order rendered June 9, 2010, without prejudice to Harrison filing an amended

motion.  *Id.* Ex. E.

As indicated above, on August 27, 2012, Harrison filed a timely § 2254 petition in

this Court.  Doc. 1.  On July 8, 2013, Respondent filed an answer, with exhibits.  Doc.

19.  Petitioner filed a reply on August 2, 2013.  Doc. 20.

In his § 2254 petition, Harrison raises two grounds, which he indicates reflect a

consolidation of claims he raised in state court:

(1) Defense counsel rendered ineffective assistance by failing to investigate, interview, and depose witnesses, and, as a result, failed to form a properly prepared defense to the charges.  Doc. 1 at 4;

(2) Defense counsel rendered ineffective assistance by failing to challenge the fundamentally erroneous charging information, which did not specifically name Petitioner and, thus, did not actually charge him with criminal activity.  *Id.* at 6.

Respondent asserts the first ground is unexhausted and, therefore, must be denied.

Doc. 19 at 8.  Respondent asserts the second ground is purely a state law issue and

also lacks merit.  *Id.* at 10.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective

Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for

persons in state custody.  Section 2254(d) provides, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See* <u>Williams v. Taylor</u>, 529 U.S. 362 (2000); <u>Gill v. Mecusker</u>,

633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated

on the merits in State court proceedings,' § 2254(d), an additional restriction applies."

Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant

relief unless the state court's adjudication of the claim:  (1) resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  "This is a

'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which

demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 131

S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford

v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that

was before the state court that adjudicated the claim on the merits."  Cullen, 131 S.Ct.

at 1388.

     For federal habeas purposes, a nolo contendere plea is treated the same as a

guilty plea.  See North Carolina v. Alford, 400 U.S. 25, 35-37 (1970); see also, e.g.,

Florida v. Royer, 460 U.S. 491, 495 n.5 (1983) (noting that, under Florida law, "a plea of

nolo contendere is equivalent to a plea of guilty").  "If a prisoner pleads guilty on the

advice of counsel, he must demonstrate that the advice was not 'within the range of

competence demanded of attorneys in criminal cases.'"  Tollett v. Henderson, 411 U.S.

258, 266 (1973) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)); see, e.g.,

Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) ("A knowing and voluntary

guilty plea waives all constitutional challenges to a conviction.").  A defendant who

enters a plea may not raise claims relating to alleged deprivations of constitutional rights

that occurred prior to entry of the plea, but rather such a defendant may only attack the

voluntariness of the plea by showing counsel's advice fell below the McMann standard:

> [A] guilty plea represents a break in the chain of events which has
> preceded it in the criminal process.  When a criminal defendant has
> solemnly admitted in open court that he is in fact guilty of the offense with
> which he is charged, he may not thereafter raise independent claims
> relating to the deprivation of constitutional rights that occurred prior to the
> entry of the guilty plea.  He may only attack the voluntary and intelligent
> character of the guilty plea by showing that the advice he received from
> counsel was not within the standard set forth in McMann.

Tollett, 411 U.S. at 267.  The U.S. Supreme Court has further explained:

> A plea of guilty and the ensuing conviction comprehend all of the
> factual and legal elements necessary to sustain a binding, final judgment
> of guilt and a lawful sentence.  Accordingly, when the judgment of
> conviction upon a guilty plea has become final and the offender seeks to
> reopen the proceeding, the inquiry is ordinarily confined to whether the
> underlying plea was both counseled and voluntary.  If the answer is in the
> affirmative then the conviction and the plea, as a general rule, foreclose
> the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989); see Mabry v. Johnson, 467 U.S. 504,

508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an

accused person, who has been advised by competent counsel, may not be collaterally

attacked."); Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of

the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any

findings made by the judge accepting the plea, constitute a formidable barrier in any

subsequent collateral proceedings.  Solemn declarations in open court carry a strong

presumption of verity.  The subsequent presentation of conclusory allegations

unsupported by specifics is subject to summary dismissal, as are contentions that in the

face of the record are wholly incredible.").  The Court indicated exceptions to this

general rule exist "where on the face of the record the court had no power to inter the conviction or impose the sentence."  Broce, 488 U.S. at 569; see Blackledge v. Perry, 417 U.S. 21, 30-31 (1974) (holding that guilty plea did not foreclose collateral challenge where, pursuant to state court procedures, defendant was tried in county court without jury on misdemeanor charge and permitted, after conviction, to appeal and obtain trial de novo, and after defendant filed appeal, prosecutor obtained indictment charging felony assault with deadly weapon with intent to kill and inflict serious bodily injury, and defendant then entered plea:  "[T]he potential for prosecutorial vindictiveness against those who seek to exercise their right to appeal raised sufficiently serious due process concerns to require a rule forbidding the State to bring more serious charges against defendants in that position.  The plea of guilty did not foreclose a subsequent challenge because .. , unlike in . . . Tollett, the defendant's right was 'the right not to be haled into court at all upon the felony charge.  The very initiation of proceedings against him . . . thus operated to deny him due process of law.'"); Menna v. New York, 423 U.S. 61, 62-63 and n.2 (1975) (holding that guilty plea did not foreclose collateral challenge where defendant, after grant of immunity, refused to obey court order to testify before grand jury, was adjudicated in contempt of court and served term in civil jail, and then was indicted for same refusal to answer questions, to which he plead guilty and appealed on double jeopardy grounds: "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty. . . . We do not hold that a double jeopardy claim may never be

waived.  We simply hold that a plea of guilty to a charge does not waive a claim that –
judged on its face – the charge is one which the State may not constitutionally
prosecute.").  *See also* <u>Broce</u>, 488 U.S. at 575 (explaining that "[i]n neither <u>Blackledge</u>
nor <u>Menna</u> did the defendants seek further proceedings at which to expand the record
with new evidence" and both "could be (and ultimately were) resolved without any need
to venture beyond that record" whereas defendants in <u>Broce</u> "pleaded guilty to
indictments that on their face described separate conspiracies" and they "cannot prove
their [double jeopardy] claim by relying on those indictments and the existing record" nor
can they "prove their claim without contradicting those indictments, and that opportunity
is foreclosed by the admissions inherent in their guilty pleas").

### <u>Ground 1</u>: IAC - Failure to Interview Witnesses and Prepare Defense

In his first ground, Harrison asserts his trial counsel rendered ineffective
assistance by failing to investigate, interview, and depose witnesses, and, as a result,
failed to form a properly prepared defense to the charges.  Doc. 1 at 4.  Respondent's
point that this first ground is unexhausted, because Harrison did not raise it in his pro se
appeal from the denial of his Rule 3.850 motion, is well-taken.  Doc. 19 at 8; Doc. 19
Exs. G (pro se Initial Brief), H (supplement to brief).  *See* <u>O'Sullivan v. Boerckel</u>, 526
U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state
prisoner, the prisoner must exhaust his remedies in state court."); *see also, e.g.*, <u>McNair</u>
<u>v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005) (explaining exhaustion requirement:
"[T]o ensure that state courts have the first opportunity to hear all claims, federal courts
have required a state prisoner to present the state courts with the same claim he urges

upon the federal courts."); Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable."); Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (explaining "[a] federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation" or if fundamental miscarriage of justice exists because "'a constitutional violation has probably resulted in the conviction of one who is actually innocent'" (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986))).

Moreover, the transcript of the plea hearing reflects that Harrison entered his nolo contendere plea knowingly and willfully with the advice of counsel, and he does not specifically contend otherwise in this proceeding.  *See* Doc. 19 Ex. F at 42-55 (transcript of plea hearing).  Accordingly, his plea forecloses consideration of the first ground raised in this § 2254 proceeding as that claim concerns non-jurisdictional pre-plea events.  *See, e.g.*, Stewart v. Tucker, No. 3:09cv452-LAC/EMT, 2011 WL 5983944 at *9 (N.D. Fla. Nov. 16, 2011) ("A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea.  Non-jurisdictional defects that are waived by an unconditional plea of guilty include constitutional challenges that do not implicate the knowing and voluntary nature of the plea." (citations omitted)); Hill v. Sec'y, Dep't of Corr., No. 8:08cv1294-T-17MAP, 2009 WL 3852913 at *4 (M.D. Fla. Nov. 18, 2009) ("It is well-established state and federal law

that guilty or nolo contendere pleas waive all but jurisdictional claims up to the time of

the plea.").  Indeed, the record reflects that, during the plea hearing, the trial judge

specifically asked Harrison whether his attorney had failed or refused to investigate any

witness or defense:

> THE COURT: . . . Is there any witness or defense that you asked your lawyer to investigate that he failed or refused to investigate?
>
> THE DEFENDANT: (Inaudible.)
>
> THE COURT: Is there any witness or defense that you asked him to investigate that he refused or failed to investigate?
>
> THE DEFENDANT: No.
>
> THE COURT: No, okay.  You can't write me later and say, hey, I was in Alaska when this occurred and my lawyer refused to interview witnesses. Do you understand the concept that if you have a defense that you wanted him to investigate and you have a complaint about it, you need to tell me now.  So do you have any complaints?  No?
>
> THE DEFENDANT: No.

Doc. 19 Ex. F at 20.

## <u>Ground 2</u>: Defective Charging Information

In his remaining ground, Harrison alleges the charging information was defective

and defense counsel rendered ineffective assistance by not challenging it.  Doc. 1 at 6.

Harrison raised this in state court as Grounds 5 and 6 of his Rule 3.850 motion, which

the state post-conviction court denied, making the following findings:

> In Grounds 5 and 6, Defendant raises identical claims alleging that he was not named in the charging information as having committed the offenses to which he pled no contest.  These claims are frivolous; he is clearly incorporated by reference to "the above named defendant" in each charge.  *Exh. 4 - Information*.

Doc.19 Ex. F at 24.  Harrison challenged, on appeal, the court's denial of these claims and the First DCA per curiam affirmed the case.  *Id.* Ex. G (pro se Initial Brief), Ex. H (supplement to brief); Ex. J (per curiam affirmance).  Respondent asserts this ground involves purely a state law issue and lacks merit.  Doc. 19 at 10.

A review of the record supports the state post-conviction court's findings, denying this claim.  The record contains copies the amended information.  Doc. 19 Ex. F at 67. The document identifies the Petitioner, Isaac Harrison, as the Defendant in the case and includes, in the caption, the Petitioner's name, race and gender, date of birth, Social Security number, and address.  *See id.*  The amended information charges "the above-named defendant" with four counts:

> COUNT I: On or about November 13, 2009, did unlawfully attempt to commit a sexual battery upon Cristan O. Donaldson, a person twelve years of age or older, by attempting to penetrate her vagina, without the victim's consent, contrary to Sections 777.04 and 794.011(5), Florida Statutes.

> COUNT II: And On or about November 13, 2009, did unlawfully own or have in his or her care, custody, possession or control a firearm, having been previously convicted of a felony, contrary to Section 790.23(1)(a), Florida Statutes.

> COUNT III: And On or about November 13, 2009, did unlawfully actually and intentionally touch or strike another person, Cristan O. Donaldson, against the will of the other; or did intentionally cause bodily harm to that person, and the defendant has a prior conviction for a battery including Gadsden County case 09-051CFA, contrary to Section 784.03(2), Florida Statutes.

> COUNT IV: And On or about November 13, 2009, did unlawfully and intentionally make an assault upon Cristan O. Donaldson and Keshonda Donaldson with a firearm, a deadly weapon, without intent to kill, and during the commission of the offense actually possessed a firearm, contrary to Sections 775.087 and 784.021(1)(a), Florida Statutes.

*Id.*  This information thus identified Harrison as the defendant, set forth the charged

crimes and essential facts, cited the statutes he allegedly violated, and was not "so

vague, indistinct, and indefinite as to mislead the accused and embarrass him . . . in the

preparation of a defense or expose the accused after conviction or acquittal to

substantial danger of a new prosecution for the same offense."  Fla. R. Crim. P.

3.140(o); *see* Carbajal v. State, 75 So. 3d 258, 262-63 (Fla. 2011) (citing Rule 3.140(o)

and explaining that "while a charging instrument is essential to invoke the circuit court's

subject matter jurisdiction, 'defects in charging documents are not always fundamental

where the omitted matter is not essential, where the actual notice provided is sufficient,

and were all the elements of the crime in question are proved at trial'" (quoting State v.

Gray, 435 So. 2d 816, 818 (Fla. 1983))).

　　　　Moreover, to the extent Petitioner asserts the state court erred in any decision

concerning the Florida rule, "federal habeas corpus relief does not lie for errors of state

law."  Lewis v. Jeffers, 497 U.S. 764, 780 (1990); *see* Estelle v. McGuire, 502 U.S. 62,

67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional

rights provide no basis for federal habeas corpus relief).  "A state's interpretation of its

own laws or rules provides no basis for federal habeas corpus relief, since no question

of a constitutional nature is involved."  Carrizales v. Wainwright, 699 F.2d 1053, 1055

(11th Cir. 1983); *accord, e.g.*, McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir.

1992).  *See also, e.g.*, Heath v. Jones, 863 F.2d 815, 821 (11th Cir. 1989) ("The

sufficiency of a state indictment is an issue on federal habeas corpus only if the

indictment was so deficient that the convicting court was deprived of jurisdiction.  That is

not the case presented here.  An examination of the indictment . . . shows that it

incorporated the elements of the offense of armed robbery, named the complaining

witness and sufficiently described the circumstances of the alleged robbery.  The

indictment was not fatally defective, for it adequately informed Heath of the charge he

was called upon to defend, and the state trial court was not deprived of jurisdiction.").

This ground should be denied.

Based on the foregoing, Harrison has not shown the state courts' rulings

rejecting his claims resulted in a decision that was either (1) contrary to, or involved an

unreasonable application of, clearly established U.S. Supreme Court precedent, or (2)

based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(1)-(2).  Harrison is not entitled

to federal habeas relief.

## Conclusion

Based on the foregoing, Petitioner Harrison is not entitled to federal habeas

relief.  The § 2254 petition (Doc. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a certificate is

issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal

must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner Harrison's § 2254 petition (Doc. 1).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 22, 2014.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**